IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LARRY HAMILTON JR.,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-24-3476 |
| **GEORGE HILDEBRANT, INC.,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This Court has reviewed the Amended Complaint filed by self-represented Plaintiff Larry Hamilton Jr. ("Plaintiff") against Defendants George Hildebrant, Inc. and Team Pops Trucking LLC. ECF 8. Plaintiff filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). The Court must simply "hold the pro se complaint to less stringent standards than pleadings drafted by

attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" underlying the claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiff's Amended Complaint asserts that an agent for George Hildebrant, Inc. called Plaintiff "discharging all duties as a commercial contractor due to being diabetic." ECF 8 at 2. The Complaint contains no other facts about the terms of the contract or who the parties to the contract were. This Court is unable to ascertain the nature of the relationship between the parties and whether either named Defendant was party to a contract with Plaintiff at all. The remainder of the Amended Complaint consists primarily of legal phrases such as "cruel and unusual punishment," "life, liberty and the pursuit of happiness," "deliberate indifference to a serious medical need," and like terms that have no significance in a breach of contract case. There is also reference to some statutes, such as the "False Claims Act" and "Disabilities Act of 2000," without explanation of how those statutes might relate to the facts of this case. Even read liberally, then, the Amended Complaint does not satisfy the *Twombly* standard and must be dismissed without prejudice. Plaintiff will be afforded one more opportunity to file a second Amended Complaint, which must contain a short and plain statement of the facts explaining the relationship between the parties, the

actions taken by each defendant, the injury Plaintiff suffered as a result, and the nature of the claim he wishes to assert.

A separate order follows which will close this case, subject to reopening should a second Amended Complaint be filed within thirty days of the date of this memorandum opinion.

February 5, 2025

/s/
Stephanie A. Gallagher
United States District Judge